Daniel M. Baczynski, Bar No. 15530
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
*Dbaczyn2@gmail.com*

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar #4311
12339 South 800 East Ste. 101
Draper, Utah  84020
(801) 553-1700
(801) 255-5588 fax
*Legaljustice3@gmail.com*

**IN THE UNITED STATES DISTRICT COURT**
**STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SUSAN JOHNSON, for herself and on behalf of minor child X.H., MR. HAYES, and the ESTATE OF GREGORY HAYES,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, JOHN DOES 1-5,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No:<br><br>Judge: |

Plaintiffs, by and through their attorneys, and for their Complaint against Defendants Davis County, Sheriff Todd Richardson, and John Does allege as follows:

**JURISDICTION AND VENUE**

1

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under the Utah state law pursuant to 28 U.S.C. § 1367.

2. Venue lies in the United States District Court for the District of Utah because the events and omissions giving rise to Plaintiffs' claims occurred in Davis County, Utah. 28 U.S.C. § 1391(b)(2).

3. Defendants are subject to personal jurisdiction within this district.

## PARTIES

4. Prior to his death, Gregory Hayes was and at all times pertinent has been a citizen of the United States and a resident of the State of Utah.

5. Susan Johnson, mother of the deceased, was and at all times pertinent has been a citizen of the United States and a resident of the State of Utah.

6. Mr. Hayes, father of the deceased, was and at all times pertinent has been a citizen of the United States and a resident of the State of Utah.

7. After the death of her son, Susan Johnson adopted Gregory's child (X.H).

8. Susan Johnson brings this action on her behalf and on behalf of Gregory's child (X.H.).

9. Defendant is Davis County (County), a political subdivision of the State of Utah. As part of its corporate powers, and at all times relevant, the County maintained the Davis County Jail.

10. Defendant is Todd Richardson (Richardson), in both his official and individual capacity, who as sheriff of Davis County is a principal policy maker for the Davis County Jail. Upon information and belief, Richardson is a resident of Davis County, State of Utah.

11. Defendant John Does are Davis County's staff in charge of booking and screening inmates upon arrival.

12. Defendants are persons under the meaning of 42 U.S.C. § 1983 and are located in this judicial district.

## **GENERAL ALLEGATIONS**

11. Gregory was a thirty-three-year-old man who struggled with an addiction to prescription medication.

12. In October, 2017, Gregory spent two months in Davis County Jail related to his prescription medication addiction.

13. During his two months in jail, Gregory spent his time getting clean and trying to overcome his addiction.

14. Davis County Jail was aware that Gregory was trying to overcome his addiction to prescription medications.

15. Gregory was to be released to his brother Andrew, who had been required prior to Gregory's release to clean out his home of all prescription medication and alcohol to facilitate Gregory's recovery.

16. Gregory was released to his brother on December 13, 2017, at about 1:18 pm.

17. Davis County Jail released Gregory with the belongings Gregory had in his possession upon admittance to the jail, including a full bottle of Clonazepam and Buprenorphine – the prescription medications Gregory had abused in the past.

18. Davis County Jail did not alert Andrew that Gregory was released with the prescription medication that was the cause of Gregory's addiction.

19. Andrew and Gregory returned to Andrew's home.

20. At Andrew's house, Gregory discovered that his estranged wife was dating another man.

21. Gregory took all the Clonazepam and Buprenorphine provided to Gregory by Davis County Jail, as well as some Tylenol PM.

22. Andrew, who did not know Gregory had access to his prescription medications, became concerned when Gregory presented as lethargic, groggy, perspiring, and with slurred speech.

23. Andrew suspected that Gregory might have abused prescription medications and called Gregory's probation officer for advice.

24. Gregory's probation officer advised Andrew that Gregory was at risk of overdosing on his medication because Gregory had been withdrawing from his medication over the last two weeks.

25. Gregory's probation officer told Andrew to get Gregory medical care.

26. At about 6:53 pm, Andrew called Clearfield Police asking for an ambulance to take Gregory to the hospital.

27. Before the ambulance arrived, Officer Arnell arrived on scene and asked Gregory if he would prefer to go to the hospital or to jail.

28. Gregory responded that he did not need to go to the hospital and, over Andrew's objections, Officer Arnell cancelled the ambulance and took Gregory back to Davis County Jail.

29. Gregory was booked into Davis County Jail at 7:53 pm.

30. When Gregory was booked into Davis County Jail, he had on his possession the same Clonazepam bottle that had been given to Gregory upon his release 6 hours ago, expect now the bottle was empty instead of full.

31. Davis County Jail was aware that Gregory had been taken to jail solely for abusing his prescription medicine.

32. However, Gregory received no medical treatment or supervision by Davis County Jail after he was processed through booking.

33. Instead, Gregory was put into a holding cell for the night.

34. The next morning at 5:33 am, Davis County Jail booking officers located Gregory in the holding room unresponsive.

35. Farmington Fire Department's ambulance arrived at 5:40 am and took over Gregory's medical treatment but Gregory was pronounced dead at 6:13 am.

36. Gregory's death was caused by an overdose of his prescription medication.

37. Davis County Jail lacks clear policies and protocols on providing basic medical attention to prospective inmates.

38. Davis County policy states that "inmates displaying signs of drug, alcohol abuse, or withdrawal should not be accepted until they have been seen and cleared by a physician".

39. Under this policy, Gregory should have been seen by a physician prior to his admittance into the jail.

40. Davis County Policy also states:

    It must be a matter of judgment whether or not to accept such an inmate. Remember, however, that the screener cannot diagnose the condition, and it might be more serious than seems apparent. So when using judgment and common sense, it is determined the inmate may have a problem, do not accept him until he has been medically cleared.

41. Davis County has instituted no protocols to guide screening officers in their decision making.

42. In an attorney general's investigation into an unrelated in-custody death at the Davis County Jail, medical employees of the jail admitted Davis County had no protocols regarding when medical attention is required after an inmate has suffered, or is suspected of suffering, an injury.

## FIRST CAUSE OF ACTION

### Deliberate Indifference to Gregory's 8th and/or 14th Amendment Rights–Failure to Provide Proper Medical Care (Cognizable under 42 U.S.C. §1983)

32. Plaintiffs adopt by reference all preceding paragraphs.

33. Defendants had a duty to provide timely medical treatment for conditions about which they knew or should have known. Defendants knew or should have known about Gregory's medical needs, and with deliberate indifference to such medical needs, Defendant acted or failed to act in such a way to deprive Gregory of necessary and

6

adequate medical care, thus endangering his health and well-being. Such acts and/or omissions of Defendants violated rights secured to Gregory under the 8th and/or 14th Amendment of the United States Constitution.

34. John Does 1-5 breached their duties and were deliberately indifferent to Gregory's medical needs by failing to provide any medical attention to Gregory despite the evidence (history of medication abuse, empty Clonazepam prescription bottle, Gregory's intoxicated demeanor, and Andrew's concerns about Gregory abusing medication) indicating Gregory may have overdosed, a serious medical condition.

35. John Does deprived Gregory of medical attention due to Davis County Jail's failure to institute protocols clarifying what circumstances require screening officers to obtain medical clearance prior to accepting inmates.

36. As a direct and proximate result of Defendants' deliberate indifference, Gregory died while in the custody of Defendants.

37. On information and belief, Gregory was caused to endure prolonged pain and suffering leading up to the time of his death, even though his condition could have been diagnosed, treated, and stabilized. Accordingly, Plaintiffs seek compensation in an amount to be determined at trial for the pain and suffering Gregory endured prior to his death, and for the wrongful death of Mr. Hayes.

38. Further, due to the egregious nature of Defendants' indifference and reckless distraught for the health, safety, and the very life of Mr. Hayes, Plaintiffs' seek punitive damages against said Defendants.

## SECOND CAUSE OF ACTION
**Failure to Train and/or Supervise in Violation of the 8th and 14th Amendments Constitutional Depravation of Constitutional Rights Pursuant to 42 U.S.C. §1983 (Cognizable under 42 U.S.C. §1983)**

39. Plaintiffs adopt by reference all preceding paragraphs.

40. Davis County is considered "persons" under 42 U.S.C. §1983 and thus may be liable for causing a constitutional deprivation.

41. This claim is alleged in the alternative if Davis County did indeed have protocols guiding screening officers on when to provide new inmates medical attention.

42. Sheriff Richardson may be held liable in damages for constitutional wrongs caused by his failure to adequately train or supervise his subordinates due to his deliberate indifference.

43. Defendants foresaw, or should have foreseen, the possibility of inmates arriving needing medical attention for drug and alcohol abuse and withdrawal. However, Defendant Richardson failed to provide adequate policies, procedures, or training to their employees or contractors to reasonably provide for the safety and health of inmates, including Gregory, with such issues. In this, Defendant was deliberately indifferent to the health and safety of Mr. Hayes, which deliberate indifference caused his death.

44. Davis County is aware that during booking inmates may present under the influence of drugs or medications. Individuals under the influence of drugs are susceptible to significant medical complications, either through overdosing or through drug withdrawal.

45. Despite the risks, Defendant Richardson has failed to train on or implement adequate protocols regarding the medical screening, supervision, and care that must be provided to inmates that present under the influence of drugs.

8

46. Defendants, in their official capacities, failed to provide adequate policies, procedures, or training to their employees or contractors in instructing and directing them to adequately monitor and respond to inmates with serious health conditions. In this, Defendants were deliberately indifferent to the health and safety of Gregory, which deliberate indifference caused his death.

47. As a direct and proximate result of Defendants' actions, inactions, and/or deliberate indifference, Gregory was deprived of his rights in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. §1983, i.e., he was deprived of his life without due process of law.

## THIRD CAUSE OF ACTION
### Deprivation of Rights under Article I, Section 9 of the Utah Constitution
### Unnecessary Rigor in Confinement

48. Plaintiffs adopt by reference all preceding paragraphs.

49. Defendants' acts and omissions as set forth above deprived Gregory of his constitutional rights guaranteed by Article I, Section 9 of the Utah Constitution, which provides that imprisoned persons shall not be subjected to or treated with unnecessary rigor.

50. Davis County and its officials' violations of Gregory's rights secured under Article I, Section 9 proximately caused Mr. Hayes to suffer substantial damages, including but not limited to: i) the denial of Gregory's constitutional rights; ii) deprivation of personal liberty; iii) loss of property; iv) severe mental anguish; v) substantial physical pain; vi) loss of income and; vii) pain and suffering.

51. Defendants subjected Gregory to unnecessary rigor by failing to screen, monitor, or treat Gregory drug overdose.

52. Defendants were on notice that Gregory had abused his medication and could be at risk for an overdose considering Gregory had been denied any access to his medication during his two month stay at Davis County Jail immediately precipitating this incident.

53. Defendants provided no medical attention to Gregory but had instead left him in booking to "sleep it off" until the morning.

54. There was no reasonable justification for Defendants' failure to provide any medical attention.

55. Defendants foresaw, or should have foreseen, the possibility of inmates suffering severe injuries from drug overdoses or withdrawal after booking into Davis County Jail. However, Defendant Richardson failed to provide adequate policies, procedures, or training to their employees or contractors to reasonably provide for the safety and health of inmates, including Gregory, with such issues.

56. Defendants' lack of medical attention to Mr. Hayes following a serious injury constitutes the unnecessary rigor of a detainee and violates Utah's constitution.

## INJUNCTIVE RELIEF

57. The operation of Davis County Jail without adequate protocols insuring inmates receive adequate medical screening, supervision, and treatment upon presenting under the influence of drugs or medications is unconstitutional. Plaintiff requests injunctive relief

requiring Davis County to enact, train, and publish policies providing for medical attention that comply with national standards.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests this court enter judgment against Defendants, and each of them and provide the following relief:

a. Compensatory and special damages in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

b. Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

c. For interest and costs as allowed by law;

d. For attorney fees, pursuant to 42 U.S.C. § 1988;

e. For declaratory and injunctive relief barring Defendants from similar misconduct in the future; and

f. Such other and further relief as the court deems appropriate.

Dated this 6th day of July, 2018.

/s/     Daniel Baczynski
Attorney for Plaintiff

11