Jesse C. Trentadue (#4961)
Michael W. Homer (#1535)
Britton R. Butterfield (#13158)
Sarah Jenkins (#15640)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: mhomer@sautah.com
E-Mail: bbutterfield@sautah.com
E-Mail: sjenkins@sautah.com

*Attorneys for Davis County and Sheriff Todd Richardson*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN JOHNSON, for herself and on behalf of minor child X.H., MR. HAYES, and the ESTATE OF GREGORY HAYES, | **DAVIS COUNTY DEFENDANTS' ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, JOHN DOES 1-5, | Civil No. 2:18-cv-00080-DB |
| | Judge Dee Benson |
| Defendants. | |

COME NOW Davis County, Utah and Davis County Sheriff Todd Richardson,

(collectively "Davis County Defendants") by way of *Answer* to Plaintiffs' *Complaint*.[1]

However, unless specifically admitted every allegation contained in the *Complaint* is

---

[1] Dkt.  2.

denied.

## RESPONSE TO JURISDICTION and VENUE

1.     Admit that the Court has jurisdiction over Plaintiffs' federal and state civil rights clams.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.

2.     Admitted.

3.     Admit that the Court has jurisdiction over Plaintiffs' federal and state civil rights clams.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.

## RESPONSES TO PARTIES

4.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

5.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

6.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

7.     Davis County Defendants are without sufficient knowledge or information

2

to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

8.     Davis County Defendants admit that Susan Johnson is a Plaintiff in this case and that she has also sued on behalf of the Estate of Gregory Hayes.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.

9.     Admitted.

10.     Davis County Defendants admit that Todd Richardson is the Davis County Sheriff and that he is a resident of Davis County, Utah.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.

11.     This paragraph does not require a response.  However, if a response is required, Davis County Defendants deny the allegations.

12.     Paragraph 12 calls for a legal conclusion to which no response is required. However, if a response is required, Davis County Defendants deny the allegations contained in this paragraph.

## RESPONSE TO GENERAL ALLEGATIONS

11.     Davis County Defendants admit that Mr. Hayes was arrested multiple times involving charges for possession or use of controlled substances, driving while under the influence, and intoxication.  Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations

contained in this paragraph and, therefore, deny the same.[2]

12.     Admit that Mr. Hayes was booked into the Davis County Jail and that records show that Mr. Hayes was booked into the Jail on October 19, 2017 for possession or use of a controlled substance, intoxication, and retail theft.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.[3]

13.     Denied.

14.     Davis County Defendants admit that Mr. Hayes filled out the medical intake form stating he was under the influence of his physician prescribed anxiety medication.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.

15.     Admit that Mr. Hayes was picked up by a family member as required by the Second District Court Release.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

16.     Davis County Defendants admit that Mr. Hayes was released on December 13, 2017.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

17.     Admit that Mr. Hayes' property was returned to him upon release.  Davis

---

[2] The *Complaint* contains two paragraph elevens.

[3] The *Complaint* contains two paragraph twelves.

County Defendants, however, deny the remaining allegations contained in this paragraph.

18.     Denied.

19.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

20.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

21.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

22.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

23.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

24.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

25.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

26.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

27.     Denied.  Andrew Hayes called the Jail and spoke with Agent John Herndon who informed Andrew to call 911.  Mr. Gregory Hayes declined treatment and Officer Herndon had the Clearfield Officers transport Mr. Gregory Hayes back to the County Jail.

28.     Denied.  Andrew Hayes called the Jail and spoke with Agent John Herndon who informed Andrew to call 911.  Mr. Gregory Hayes declined treatment and Officer Herndon had the Clearfield Officers transport Mr. Gregory Hayes back to the County Jail.

29.     Admit that Mr. Gregory Hayes was booked into Jail on December 13, 2017. Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

30.     Davis County Defendants admit that Mr. Gregory Hayes had Clonazepam 1mg tablets and Buprenorphine 8 mg tablets on his person at the time of his arrest.  Davis County Defendants, however,  deny the remaining allegations contained in this paragraph.

31.     Admit that Mr. Gregory Hayes was placed on a 30 minute suicide watch because he reported withdrawals from subbutex and benzos.  Mr. Hayes was cleared from

suicide watch and remained in medical.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

32.     Denied.  Furthermore, any inmate booked into the Davis County Jail is processed and required to fill out the Intake Screening forms.

33.     Admit that Mr. Gregory Hayes was placed on a 30 minute suicide watch because he reported withdrawals from subbutex and benzos.  Mr. Hayes was cleared from suicide watch and remained in medical.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

34.     Davis County Defendants admit that Mr. Gregory Hayes was found unresponsive in his cell and that a call for emergency services was made.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

35.     Davis County Defendants admit that at approximately 5:30 a.m. Davis County Paramedics arrived and relieved and replaced the Jail officers who were performing chest compressions.  The EMTs continued chest compressions and then placed a King Tube in Mr. Gregory Hayes' airway at which time Farmington Fire arrived and placed Mr. Gregory Hayes on a gurney and transported him to the hospital.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

36.     Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

37.     Denied.

38.     Davis County Defendants admit that the Davis County Jail has policies addressing the acceptance of inmates who are displaying signs of drug or alcohol abuse and/or withdrawal from drugs and/or alcohol.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

39.     Denied.

40.     Davis County Defendants admit that the Davis County Jail has policies addressing the acceptance of inmates who are displaying signs of drug or alcohol abuse and/or withdrawal from drugs and/or alcohol.  Davis County Defendants, however, deny the remaining allegations contained in this paragraph.

41.     Denied.

42.     Denied.

## RESPONSE TO FIRST CAUSE OF ACTION

(Deliberate Indifference to Gregory's 8th and/or 14th Amendment Rights - Failure to Provide Proper Medical Care (Cognizable under 42 U.S.C. § 1983)

32.     Davis County Defendants incorporate by reference their responses to the preceding paragraphs.[4]

33.     Denied.

34.     Davis County Defendants are without sufficient knowledge or information

---

[4] The *Complaint* is renumbered beginning at 32.

to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Davis County Defendants deny that they acted with indifference or reckless distraught for the health, safety, and life of Mr. Gregory Hayes.  Davis County Defendants admit that Plaintiffs requested punitive damages in the *Complaint*, however, Davis County Defendants deny Plaintiffs are entitled to any punitive damages.

<u>**RESPONSE TO SECOND CAUSE OF ACTION**</u>

Failure to Train and/or Supervise in Violation of the 8th and 14th Amendments
Constitutional Depravation of Constitutional Rights Pursuant to 42 U.S.C. § 1983
(Cognizable under 42 U.S.C. §1983)

39.     Davis County Defendants incorporate by reference their responses to the preceding paragraphs.

40.     This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Davis County Defendants deny the allegations in this paragraph.

41.     This paragraph does not require a response.  However, if a response is required, Davis County Defendants deny the allegations.

42.     This paragraph calls for a legal conclusion to which no response is required.

To the extent a response is required, Davis County Defendants admit that under certain circumstances County Sheriffs, such as Sheriff Richardson, may be liable for the violation of civil rights.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.

43.     Denied.

44.     Davis County Defendants admit that inmates are sometimes under the influence of drugs when booked into jail and that the County has an intake form that requests the medications and/or drugs the inmate is under the influence of.  However, Davis County Defendants deny the remaining allegations contained in this paragraph.

45.     Denied.

46.     Denied.

47.     Denied.

### RESPONSE TO THIRD CAUSE OF ACTION

(Deprivation of Rights under Article I, Section 9, Utah Constitution
Unnecessary Rigor in Confinement)

48.     Davis County Defendants incorporate by reference their responses to the preceding paragraphs.

49.     Denied.

50.     Denied.

51.     Denied.  Davis County Defendants further allege that medical staff did

10

examine and assess Mr. Gregory Hayes.

52.     Denied.

53.     Denied.  Davis County Defendants further allege that medical staff did
examine and assess Mr. Gregory Hayes.

54.     Denied.  Davis County Defendants further allege that medical staff did
examine and assess Mr. Gregory Hayes.

55.     Denied.

56.     Denied.  Davis County Defendants also deny that Mr. Hayes had any type
of serious injury when he was booked into jail.

### RESPONSE TO INJUNCTIVE RELIEF

57.     Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' *Complaint* fails to state a claim, either in whole or in part, on which
relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any State common-law claims that Plaintiffs may have are barred or otherwise
limited by the *Governmental Immunity Act of Utah, Utah Code Ann.* § 63G-7-101 *et seq.*
(2017), including but not limited to *Utah Code Ann.* §§ 63G-7-201, 63G-7-202, 63G-7-
401, 63G-7-402, 63G-7-601, 63G-7-603, and 63G-7-604(2017).  Plaintiffs' State
common-law claims, if any, are also barred for failure to strictly comply with the *Notice*

requirements of the *Governmental Immunity Act of Utah* contained in §§ 63G-7-401-63G-7-403 (2017) and/or the *Utah Medical Health Care Malpractice Act* contained in §78B-3-412.

### THIRD AFFIRMATIVE DEFENSE

Any injury or damage that Plaintiffs may have sustained was solely caused or otherwise contributed to by the fault of Mr. Gregory Hayes and/or third persons not presently parties to this action.  Consequently, the fault of Mr. Hayes and/or non-parties should be allocated pursuant to *Utah Code* §§78B-5-817 through 78B-5-823 (2013).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrines of *Judicial Immunity*, *Quasi-Judicial Immunity*,  *Sovereign Immunity, Governmental Immunity,* and *Qualified Immunity*.

### FIFTH AFFIRMATIVE DEFENSE

Davis County Defendants were not the proximate cause of any injury to Mr. Gregory Hayes and neither were they deliberately indifferent to Mr. Hayes' medical needs and/or condition.

### SIXTH AFFIRMATIVE DEFENSE

Davis County Defendants reserve the right to supplement their *Affirmative Defenses*.

**PRAYER**

Wherefore, Davis County Defendants pray for *Judgment* against Plaintiffs as follows: (1) that Plaintiffs' *Complaint* be dismissed with prejudice and that Plaintiffs take nothing thereby; (2) that Davis County Defendants recover their costs of suit including reasonable attorney's fees; and (3) that Davis County Defendants have such other and further relief as to the Court seems just and merited under the circumstances.

DATED this 17th day of September, 2018.


SUITTER AXLAND, PLLC

 /s/ Britton R. Butterfield
Jesse C. Trentadue
Michael W. Homer
Britton R. Butterfield
Sarah Jenkins
*Attorneys for Davis County and
   Sheriff Todd Richardson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of September, 2018, I electronically filed the foregoing document with the U.S. District Court for the District of Utah.  Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

Daniel M. Baczynski, Esq.
Tad D. Draper, Esq.
Law Offices of Tad D. Draper, P.C.
12339 South 800 East, Suite 101
Draper, Utah 84020
dbaczyn2@gmail.com
legaljustice3@gmail.com
*Attorneys for Plaintiffs*

/s/ Britton R. Butterfield

*T:\4000\4530\147\ANSWER.wpd*

14