BACZYNSKI LAW, PLLC
Daniel M. Baczynski, Bar No. 15530
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
*Dbaczyn2@gmail.com*

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar #4311
12339 South 800 East Ste. 101
Draper, Utah  84020
(801) 553-1700
(801) 255-5588 fax
*Legaljustice3@gmail.com*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SUSAN JOHNSON, for herself and on behalf of minor child X.H., MR. HAYES, and the ESTATE OF GREGORY HAYES, | **PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM REQUESTING LEAVE TO AMEND THE COMPLAINT TO ADD NURSE DANIEL LAYTON AS A PARTY** |
|     Plaintiffs, | |
| vs. | Case No:  2:18-cv-00080 |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, JOHN DOES 1-5, | Judge:   Dee Benson |
|     Defendants. | |

Plaintiffs, by and through their counsel of record, submits this motion and memorandum pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs request leave to file an amended complaint and add Nurse Daniel Layton as a defendant,

1

# HISTORY OF THE CASE

On July 6th, 2018, Plaintiffs filed a civil rights complaint against Sheriff Richardson and Davis County for failure to provide necessary medical assistance and supervision to Gregory Hayes. At the time Plaintiffs filed their complaint, Plaintiffs were unaware if Davis County Jail had medically assessed or otherwise supervised Hayes during his stay at the Jail. Plaintiffs therefore also named John Does 1-5 as defendants, alleging John Does 1-5 were deliberately indifferent to Hayes' medical needs.

Defendants filed an answer to the complaint on September 17th. About a month later, the parties submitted an attorney planning meeting report and a proposed scheduling order, which the Court entered on October 16th. The Scheduling Order provided that parties submit any amended pleadings and joinder of parties by February 28, 2019.

The parties exchanged initial disclosures on October 26th, 2018. The initial disclosures included records identifying that Nurse Layton was called to assess Mr. Hughes on two occasions prior to Gregory's death - at 1 am and 3 am, Nurse Layton assessed and cleared Mr. Hughes after was discovered blue to the fact from breathing difficulties. However, the Defendants' initial disclosures lacked any records indicating that Mr. Hughes was seen by a physician. This was notable because the assessment was required by Davis County Jail policy and Defendants affirmatively plead Mr. Hayes was assessed by a physician in Defendants' Answer.

In order to resolve the ambiguity as to which medical professional, if any, was responsible for Mr. Hughes' death, Plaintiffs' served Defendants with a first set of

discovery on November 28th. As part of the discovery request, Plaintiffs requested all information as to the alleged assessment by a physician. On January 4th, Defendants filed an amended answer removing the affirmative pleadings regarding involvement by a physician, and on January 7th Defendants provided Plaintiffs with a response to discovery. The discovery response confirmed that the only medical professional to see Mr. Hughes was Nurse Layton.

Plaintiffs then began communicating with a potential expert witness regarding the care Nurse Layton provided to Mr. Hughes. The expert witness opined Nurse Layton had failed to meet the standard of care but requested additional information. Plaintiffs began researching possible causes of action and drafted the proposed amended complaint. On February 27th, Plaintiffs provided Defendants with a copy of the proposed amended complaint and inquired whether Defendants would stipulate to the filing of the amended complaint. Plaintiffs have not yet received a response from Defendants.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of the Court, "and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 83 S. Ct. 227 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.". Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility

of amendment." *Duncan v. Mgr., Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); see *Foman*, 371 U.S. at 182.

In addressing claims of undue delay, the 10th Circuit focuses on the reason for any delay, holding that denial of leave to amend is only appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Regarding prejudice, "as a general rule, a plaintiff should not be prevented from pursuing a valid claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir. 2004). "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

None of the factors which would justify denial of the motion to amend are present. There is no showing of undue delay, undue prejudice, bad faith, or dilatory motive. Plaintiffs moved to amend the complaint as soon as a new possible party and information were discovered.

Furthermore, neither Nurse Layton nor the current defendants will be prejudiced by the addition of a new party because the parties are still in the initial phase of litigation. Fact discovery does not close until August 30. 2019.  And Nurse Layton will benefit from the discovery already undergone by Sheriff Boren and Davis County because the basis for Nurse Layton's liability stems from the allegations raised against current Defendant.

Plaintiffs have gained no advantage by moving forth with an amended complaint, therefore there is no evidence of bad faith or dilatory motive.

## **CONCLUSION**

Plaintiffs respectfully requests the Court grant leave to file an amended complaint and add Nurse Layton as a defendant.

DATED this 28th day of February, 2019.

/s/      Daniel Baczynski
Daniel Baczynski
Attorneys for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 28th day of February, 2019, I caused a true and correct copy of

**PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM REQUESTING**

**LEAVE TO AMEND THE COMPLAINT TO ADD NURSE LAYTON** to be

electronically filed through the CM/ECF system, thereby sending notice to opposing

counsel as follows:


Jesse C. Trentadue (#4961)
Michael W. Homer (#1535)
Sarah Jenkins (#15640)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-7300
E-Mail: jesse32@sautah.com
E-Mail: mhomer@sautah.com
E-Mail: sjenkins@sautah.com


/s/      Daniel Baczynski