LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

**IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SUSAN JOHNSON, for herself and on behalf of minor child X.H., MR. HAYES, and the ESTATE OF GREGORY HAYES,<br><br>    Plaintiffs,<br><br>vs.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, DANIEL LAYTON, JOHN DOES 1-5,<br><br>    Defendants. | **PLAINTIFFS' DuCivR 26-1(b)(1)(A) EXPERT DISCLOSURES**<br><br>Case No:  1:18-cv-00080<br><br>Judge:   Dee Benson |

Pursuant to Rule 26-1 of the Rules of Practice for the United States District Court for the District of Utah, Plaintiffs, by and through their counsel, submit their expert disclosures as follows, which Plaintiffs may use to present testimony and evidence under Federal Rules of Evidence 702, 703, or 705:

1

1. **Federal Rule of Civil Procedure 26(a)(2)(B):**

   The following individuals are disclosed pursuant to and in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

A. **Ken Star, M.D.** Dr. Star has experience running drug recovery programs as well as providing medical services in a jail setting. Dr. Star is expected to provide testimony regarding the standard of care when attending individuals that may be under the influence of drugs or medication, including the need to have medical personnel evaluate the individual during intake and the need to subsequently monitor these individuals. Furthermore, Dr. Star is expected to provide testimony regarding Nurse Layton's treatment of Gregory Hayes and Mr. Hayes' survivability had appropriate precaution been taken.

B. **Tom Green**. Tom Green is a form Chief Deputy of the Washoe County Sheriff's Office who has significant experience in large-scale adult Detention Facilities. Mr. Green is expected to provide testimony regarding the standard of practice for Detention Centers across the nation with regards to safely admitting individuals who are suspected of being under the influence of drugs or medication, specifically the need to have medically trained individuals conducting inmate, as well as the need for standardized monitoring of these individuals upon admission. Mr. Green is further expected to testify that Davis County Jail's policies and practices in regards to intake fall below the national standards and violate their own policies.

2

**2. <u>Non-Retained Expert Witnesses</u>**

Plaintiffs hereby disclose any and all of Gregory Hayes's treating physicians and EMTs, including, but not limited to, those treating physicians and medical providers identified by Plaintiffs or Defendants in any discovery responses or disclosures and any treating physicians or medical providers identified in any records obtained during the course of discovery in this case, including those obtained by subpoena pursuant to Rule 45.

Plaintiffs also hereby disclose Lindsey C. Thomas, M.D., Assistant Medical Examiner for the State of Utah.  Dr. Thomas conducted an examination on Gregory Hayes following his death and authored a report related to such examination. It is expected that the testimony she would offer as a witness pursuant to Federal Rules of Evidence 702, 703, and 705 would be consistent with the testimony and opinions expressed in the report of examination related to Gregory Hayes.

Plaintiffs expressly reserve the right to call any witnesses disclosed by Defendants pursuant to Rule 26(a)(2). Plaintiffs also reserve the right to call any witness including, but not limited to, any and all of Gregory Hayes' treating physicians or other medical providers or any other medical and hospital personnel and to solicit testimony pursuant to Rules 702, 703, and 705. Plaintiffs reserve the right to supplement, modify, or amend any disclosure or opinions of any disclosed expert as well as to expand or refine the scope of any disclosed expert witnesses' testimony based upon the receipt of further information regarding Gregory Hayes or Plaintiffs or any other new information acquired or discovered in this matter pursuant to ongoing discovery,

including, but not limited to, any additional expert disclosures by Defendants, additional fact depositions, amendments to pleadings, or expert depositions. Specifically, Plaintiffs reserve the right to amend this disclosure according to any amended scheduling order issued in this matter, whether such order be pursuant to stipulation among the parties or to any motion for additional time to submit expert witness disclosures or reports.

Plaintiffs further reserve the right to supplement or amend this disclosure to designate additional expert witnesses and rebuttal expert witnesses if any witnesses are identified. Plaintiffs also reserve the right to call additional expert witnesses for purposes of impeachment or rebuttal, without prior designation, and to call expert witnesses designated by Defendants.

Dated this 13th day of November, 2019.

/s/     Daniel Baczynski
Attorney for Plaintiffs

4

## CERTIFICATE OF SERVICE

I certify that on this 13th day of November, 2019, I caused a true and correct copy of this **PLAINTIFFS' DuCivR 26-1(b)(1)(A) EXPERT DISCLOSURES** to be to be filed with the Court through tis electronic filing system, which service thereby provided on the following:

>Jesse C. Trentadue
>Noah M. Hoagland
>Mike Homer
>jesse32@sautah.com
>nhoagland@sautah.com
>mhomer@sautah.com
>SUITTER AXLAND, PLLC
>8 East Broadway, Suite 200
>Salt Lake City, Utah 84111
>Tel: (801) 532-7300
>Fax: (801) 532-7355

/s/      Daniel Baczynski